UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRANDON SERNA, | |
| Petitioner, | |
| v. | CAUSE NO.: 3:21-CV-31-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Brandon Serna, a prisoner without a lawyer, filed a habeas corpus petition purporting to challenge a disciplinary proceeding at Wabash Valley Correctional Facility (WVD 08-01-0041) in which he was found guilty of making or possessing intoxicants. (ECF 1.) The respondent moves to dismiss. (ECF 11.) For the reasons stated below, the petition is dismissed without prejudice.

In January 2008, Mr. Serna was found guilty of making or possessing intoxicants after a garbage bag containing alcohol was found in his cell. (ECF 11-1; ECF 11-5.) Records from the disciplinary hearing reflect that Mr. Serna admitted the alcohol belonged to him. (ECF 11-5.) As a result of the guilty finding, he lost 90 days of earned-time credits. (*Id.*) Some years later, he sought restoration of the revoked earned-time credits. (ECF 11-10; ECF 1-1 at 3.) His request was denied, and he then filed this petition.

Although Mr. Serna frames the petition as challenging the 2008 disciplinary proceeding, as the respondent points out, he does not actually raise any claim related to

that proceeding. His claims are not a model of clarity, but it can be discerned that they all relate to the denial of his request for restoration of the credits in 2018. Indiana law authorizes the Department of Correction to restore earned-time credits that have been revoked. IND. CODE § 35-50-6-5(c). The Department has established policies governing the decision whether to restore credits, which have changed over the years. (*See* ECF 11-7; ECF 11-8; ECF 11-9.) In effect, Mr. Serna claims that the manner in which the policies have changed over time violates his rights under the Ex Post Facto Clause and Due Process Clause.[1] (ECF 1 at 2-3.) The respondent argues that these claims are unexhausted. (ECF 11.)

Before a petitioner can obtain federal habeas relief, he must exhaust all available state remedies. 28 U.S.C. § 2254(b)(1)(A); *Markham v. Clark*, 978 F.2d 993, 995-96 (7th Cir. 1992). To properly exhaust, a petitioner must raise his constitutional claim in one complete round of state review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). State remedies are not exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *see also Boerckel*, 526 U.S. at 844–45.

Indiana does not permit judicial review of decisions by prison disciplinary bodies to revoke earned-time credits, but it does provide for judicial review of decisions

---

[1] To the extent he is arguing that the Department misapplied its own policies or other state law, this would not state a cognizable federal claim. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). For purposes of this opinion, the court presumes—without deciding—that the petition contains some cognizable federal constitutional claim.

related to the restoration of earned-time credits. *See Resendez v. Brown*, 819 F. App'x 428, 430 (7th Cir. 2020) (observing that Indiana courts have the authority to review the Department's refusal to restore earned-time credits); *see also Young v. State*, 888 N.E.2d 1255, 1256 (Ind. 2008); *Young v. Ind. Dep't of Corr.*, 22 N.E.3d 716, 719 (Ind. Ct. App. 2014). There is no indication that Mr. Serna presented his restoration challenge to the state courts before filing this petition.[2] He was afforded an opportunity to file a traverse, but he has not filed one or otherwise addressed the respondent's exhaustion argument, nor can the court discern any ground for excusing his failure to exhaust. Therefore, the petition will be dismissed without prejudice.

For these reasons, the petition (ECF 1) is DISMISSED WITHOUT PREJUDICE, and the clerk is DIRECTED to close this case.

SO ORDERED this July 23, 2021.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge

---

[2] Although he asserts in the petition that he exhausted his state remedies, it can be discerned that he is referring to the administrative appeals he filed in the 2008 disciplinary case. That does not show that he exhausted the claims he raises here related to the denial of his request for restoration of credits years later.